NOT FOR PUBLICATION (Doc. No. 1)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Jamie HAYES, | : |
| Plaintiff, | : Civil No. 16-9063 (RBK/AMD) |
| v. | : **OPINION** |
| C.E.O. OF MOREY'S PIER, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Jamie Hayes ("Plaintiff") is proceeding *pro se* with a complaint arising from his arrest in April 2016 and his subsequent conviction. Plaintiff's application to proceed in forma pauperis will be granted based on the information provided therein and the Clerk will be ordered to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff brings claims arising from his arrest in April 2016 and his subsequent conviction. The Complaint is unclear as to what exactly happened, but it appears that Plaintiff was accused of taking a purse from a patron of Mariner's Arcade on or around April 13, 2016. Plaintiff alleges that Defendants Jeffrey Verzella, the manager of Mariner's Arcade, and Mrs. Verzella, the information technology specialist at Mariner's Arcade, acting in their individual

1

capacities and as agents of the C.E.O. of Morey's Pier and the Mariner's Landing Arcade, deprived him of his constitutionally secured liberties. Specifically, Plaintiff alleges that Defendants conspired together to tamper with evidence critical for his defense by deleting security camera footage. Plaintiff also contends that Defendants impersonated law enforcement officers by presenting security camera footage to the police.[1]

Defendant Jeffrey Verzella testified in Plaintiff's criminal trial. Mr. Verzella testified that he and his wife reviewed the security camera footage that they determined was pertinent to the purse taking after receiving a call from the victim. Mr. and Mrs. Verzella saved the footage they deemed relevant and later turned it over to the police. They did not save the rest of the footage from the day Plaintiff allegedly stole the purse. Plaintiff's claims are based on the erasure of this remaining footage. He claims that the Verzellas (as agents of the C.E.O. of Morey's Pier and Mariner's Landing Arcade) knowingly conspired and/or were grossly negligent or deliberately indifferent when they erased the remaining footage. Therefore, Plaintiff claims that Defendants' actions deprived him of his fundamental liberties.

Plaintiff filed this Complaint on December 7, 2016 (Doc. No. 1).

## II. LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding in forma pauperis and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts

---

[1] The Court notes that impersonating a police officer is a crime in New Jersey, but the Court is unaware of a related civil cause of action. *See* N.J. Stat. Ann. § 2C:28-8.

accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

#### A. Section 1983 Claim

Plaintiff asserts jurisdiction for this case under 42 U.S.C. § 1983. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, the complaint fails to allege that Defendants (all private parties) were acting under color of state law. In fact, Plaintiff takes issue with the fact that the defendants were *not* trained law-enforcement personnel and that they unlawfully possessed the footage. Compl. at 16. Mr. Verzella's attached testimony also indicates that he sought out the incriminating footage after contact with the victim, rather than contact from the police. Based on this, the Court finds that any attempt to amend the complaint to sufficiently allege defendants are state actors would be futile. Accordingly, Plaintiff's section 1983 claims are dismissed with prejudice.

### B. Sections 1985 and 1986

The Court notes that the Complaint also alleges that Defendants conspired to deprive him of his constitutional rights. The Court construes this as an allegation under 42 U.S.C. § 1985(3) and 42 U.S.C. § 1986. To state a claim under section 1985(3), a plaintiff must allege, "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (citations omitted).

The Court observes that all defendants are private individuals. The Third Circuit has explained that only two rights are protected by section 1985(3) against private conspirators: "the

right to be free from involuntary servitude and the right to interstate travel." *McArdle v. Hufnagel*, 588 F. App'x 118, 120 (3d Cir. 2014) (citation omitted). Plaintiff has not alleged that defendants deprived him of these rights. Furthermore, the Court finds that any attempt to amend the complaint to sufficiently allege a section 1985(3) claim against defendants would be futile. Accordingly, Plaintiff's section 1985 claims are dismissed with prejudice.

Section 1986 of Title 42 states that:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. Because plaintiff failed to state a conspiracy claim under § 1985(3), he also fails to state a related § 1986 claim against all defendants. *See Heath v. Shannon*, 442 F. App'x 712, 718 (3d Cir. 2011) (per curiam) ("Because Health failed to state a conspiracy claim under § 1985, the District Court properly ruled that his related § 1986 claims also failed.") (citing *Rogin v. Bensalem Twp.*, 616 F.2d 680, 696 (3d Cir. 1980)). Thus, Plaintiff's § 1986 claim will also be dismissed with prejudice.

### C. State Law Claims

The Complaint also appears to allege state law claim for defamation and negligence. The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)). The Court has dismissed Plaintiff's federal claims, and there is no affirmative justification for this Court to

5

retain supplemental jurisdiction over the state law claims at this point. Furthermore, Plaintiff's complaint has not plead any defendant's citizenship. Therefore, the Court is unable to determine whether subject-matter jurisdiction exists for Plaintiff's state law claim due to diversity of citizenship. Accordingly, Plaintiff's remaining state law claims are dismissed without prejudice. The Court will allow Plaintiff an opportunity to amend the complaint to demonstrate subject-matter jurisdiction for these claims.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's section 1983, 1985, and 1986 claims against all defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

Dated: 01/06/2017                                    s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United State District Judge